IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Aaron Lane Howe, ) | Case No.  1:21-cr-100 |
| ) | |
| Defendant. ) | |

The court ordered defendant detained following a detention hearing on April 15, 2021, finding that the United States had proved by clear and convincing evidence that there were no conditions available to ensure the safety of other persons or the community. (Doc. No. 14). Of particular concern to the court were defendant's criminal history, patten of conduct that included violence, history of noncompliance with court orders, and history of substance abuse that was presently untreated.

On July 30, 2021, defendant filed a motion requesting the court to reconsider its detention order and conditionally release him to an inpatient treatment program.  (Doc. No. 29).  The court denied defendant's motion, reasoning:

> Defendant's pattern of substance abuse that had not been addressed through treatment was one of several factors that the court considered when it ordered defendant detained. Other factors that the court considered , i.e., defendant's extensive criminal history, engagement in physically violent conduct, and history of noncompliance with court orders, continue to weigh heavily against release. Defendant has offered no reason as to how his release to Summit would reduce the risk he poses to the community. Accordingly, the court finds that there have been no material changes in defendant's circumstances that require reconsideration of detention under 18 U.S.C. § 3142(f).

(Doc. No. 31).

Defendant has since executed a plea agreement, the terms of which provide that he will enter

1

a plea of guilty to the offense of assault resulting in serious bodily injury as charged in an Information. (Doc. Nos. 46, 47). His plea and sentencing hearings are presently scheduled for July 18, 2022, at 9:00 AM in Bismarck before Judge Traynor. (Doc. No. 50).

On March 24, 2022, defendant filed a second motion requesting the court to reconsider its detention order and conditionally release him to the Prairie Recover Center in Raleigh, North Dakota, for treatment. (Doc. No. 51). The United States apparently does not object.

On April 5, 2022, the court issued an order directing defendant to provide information regarding is travel arrangements. (Doc. No. 52). Defendant subsequently advised that the MHA Recovery Team can transport him to the Prairie Recover Center on April 7, 2022.

Accordingly, the court **GRANTS** defendant's motion (Doc. No. 51). Defendant shall be released no earlier than 11:30 AM on April 7, 2022, to a member of the MHA Recovery Team for immediate transport to the Prairie Recovery Center. Defendant's release is subject to the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(4) Defendant shall refrain from any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or

tampering with the collection progress or specimen may be considered the same as a positive test.

(5) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6) Defendant shall reside at the Prairie Recovery Center, fully participate in its programming, and comply with all of its rules and regulations. Upon his arrival, he shall contact Pretrial Services Officer Bobby Wiseman at (701) 530-2404.

(7) Defendant shall not knowingly or intentionally have any direct or indirect contact with the alleged victim(s), except that counsel for the defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of the defendant's legal defense.

(8) Defendant shall sign all releases of information requested by the Pretrial Services Officer so that his progress and participation in treatment may be monitored.

(9) Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

(10) Upon completing the Prairie Recovery Center's treatment program of if otherwise terminated from Summit, defendant shall immediately report the U.S. Marshal's office in Bismarck, North Dakota, with the understanding that he shall detained pending further order of the court.

**IT IS SO ORDERED.**

Dated this 6th day of April, 2022.

                                                               */s/ Clare R. Hochhalter*
                                                               Clare R. Hochhalter, Magistrate Judge
                                                               United States District Court